IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LEONARD BIERI, III, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 08-3171-CV-S-ODS |
| CLERK OF DISTRICT COURT, | ) |
| Defendant. | ) |

### ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND JUDGMENT DEMAND

Pending is Defendant's Motion to Dismiss (Doc. # 12), which is granted. This case is dismissed, rendering moot Plaintiff's Motion to Amend Judgment Demand (Doc. # 17).

Plaintiff seeks a Writ of Mandamus directing the Clerk of Court to issue certain orders related to a criminal case in which he was involved as a defendant. A certain amount of background from that case is necessary to understand Plaintiff's present claims.

Plaintiff and his wife were convicted of various drug-related offenses.[1] The jury also found against the couple on a forfeiture count. At sentencing, the Court[2] ordered that a portion of the real property be forfeited. The Court of Appeals reversed, essentially determining the property had to be considered in its entirety; the Court could not order forfeiture of only a portion. United States v. Bieri, 21 F.3d 819 (8th Cir. 1994). On remand, Judge Clark ruled that ordering forfeiture of the entire property would violate the Eighth Amendment and ordered that none of the property should be forfeited. The Court of Appeals reversed and directed this Court to order forfeiture of the entire property. United States v. Bieri, 68 F.3d 232 (8th Cir. 1995), cert. denied, 517 U.S. 1233 (1996). Judge Clark issued a Preliminary Order of Forfeiture on

---

[1] The case number for the criminal case is 92-3044.

[2] The Honorable Russell G. Clark, late a judge of this Court.

July 24, 1996, and the Final Order of Forfeiture on November 7, 1997. Plaintiff appealed; the appeal was assigned Case Number 97-4207 and was dismissed by the Court of Appeals on January 12, 1998.

Since 1998, Plaintiff has initiated a variety of efforts to recover the forfeited property (which the Government sold at auction in December 1998. His most recent effort occurred in October 2007, when he filed a Motion for Return of Property in the criminal case. The motion was denied, and Plaintiff appealed the matter to the Court of Appeals.

In the present case, Plaintiff espouses a theory that a final judgment was never entered in the criminal case, and he seeks a Writ of Mandamus requiring the Clerk of Court (or a judge of this Court) to take various actions and issue various orders effectuating this belief. Plaintiff's theory is predicated on his allegation that after Judge Clark announced he was not going to order the forfeiture of the property, the Government filed a motion for reconsideration. Plaintiff alleges this motion was never ruled before Judge Clark entered his Judgment and Commitment Order, so the judgment was not final and the Eighth Circuit's subsequent reversal was void. Moreover, because that motion was never ruled, Plaintiff argues that all subsequent decisions from the Court of Appeals are void.

The Court rejects Plaintiff's arguments for two reasons. First, in entering judgment after the Government filed its motion, Judge Clark effectively denied the motion. Judge Clark made a preliminary decision, and the Government voiced its opposition; thereafter, Judge Clark incorporated his preliminary decision in the final written order. This is effectively a denial of the Government's request for reconsideration.[3]

Second, Plaintiff's arguments are directed to the wrong forum. Plaintiff essentially seeks a determination that the Court of Appeals lacked jurisdiction in 1994

---

[3]It may also be that Judge Clark explicitly denied the Government's motion during the April 2, 1993, sentencing hearing. The transcript is currently unavailable as it is has been sent to the Court of Appeals as part of the record for Plaintiff's appeal from the October 2007 order in that case.

2

when it reversed Judge Clark's decision not to order forfeiture, and actually never had jurisdiction because a final order was never issued. The Court of Appeals obviously believed it had jurisdiction both times it reversed Judge Clark. More importantly for present purposes, issues related to the Court of Appeals' jurisdiction should be directed to that tribunal; district courts have no power to evaluate a higher court's jurisdiction. Even if Plaintiff's arguments are sound (which the Court doubts), this Court cannot grant him the relief he seeks.

The case is dismissed for failure to state a claim.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

DATE: November 14, 2008